By the Court,

Nelson, J.
We are of opinion this judgment should not be sustained, upon the facts disclosed in the ^return of the justice.
The nonsuit before justice Lain, arose from the inattention of the plaintiff to his rights, and' a culpable omission to avail himself of the privileges which the law gave him, rather than from non-attendance of the witness, who had furnished him with a certified copy of his docket, which, if authenticated by the county clerk, would have proved all the facts essential to a recovery. The certificate of the clerk could have been very readily procured, and ought *639 to have been procured. 2 R. S. 270, § 247. So the judgment might have been proved, in the absence of the justice, by any person who had compared the copy with the original entries, with proof that those entries were in the hand writing of the justice. § 248. As a general rule, parties should be required to resort to this evidence of Justices’ dockets, rather than compel the attendance of those officers to prove them, as one of the objects of providing different and convenient modes of proof was their relief from a burden that must otherwise frequently occur. Again; there was no absolute necessity for the plaintiff to submit to a nonsuit, if he had not elected to do so. As the defendant did not appear, the justice might have kept the court open until the plaintiff had procured, in one of the above modes, or by the attendance of the magistrate, the proof of the docket.
The section of the statute upon which this action is founded, 2 R. S. 242, § 90, is but declaratory of the common law, 1 Phil. Ev. 4, 1 Archb. P. 172, 2 Doug. 566, 1 Campb. 14, 9 East, 473, which does not subject witnesses to damages for non-attendance, unless when without a reasonable excuse. There are three modes of compelling the attendance of witnesses before a justice : 1. By attachment, 2 R. S. 241, § 83; 2. By fine, not exceeding ten dollars, nor less than sixty-two and a half cents, § 85 ; 3. By an action on the case, to recover the damages sustained for the non-attendance. In the two first modes of compelling attendance, by the terms of the statute, they are not to be enforced, except in the absence of a reasonable excuse. The section giving the action on the case, refers to and is intended to embrace a similar non-attendance, that is, one without just cause.
*The damages claimed are of a trifling amount, and a suit under the facts disclosed in this case, where the proof desired could have been so easily obtained, ought not to be encouraged.
Judgment reversed, with single costs.